WO                                                                       KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Melinda Gabriella Valenzuela,[1]     No. CV 19-05647-PHX-MTL (MHB)

Plaintiff,

v.     **ORDER**

Andrew Thude, et al.,

Defendants.

On November 18, 2019, Plaintiff Melinda Gabriella Valenzuela,[1] who is confined in the Arizona State Prison Complex-Florence, filed a "Motion for Leave to File Pursuant to Court Order" (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 4), and lodged a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 3). On December 13, 2019, Plaintiff filed a Motion for Change of Judge (Doc. 7). The Court will deny the Motion to File, deny the Motion for Change of Judge, and dismiss the Complaint and this action.

**I.   Motion for Change of Judge**

On December 13, 2019, Plaintiff filed a Motion for Change of Judge (Doc. 7). Plaintiff contends "this judge and without knowing her this judge has bad mouthed her in his order and has disregarded her safety by saying since ADOC says they did something they did, Plaintiff has continued to be assaulted and denied care and she will not receive

---

[1] Plaintiff has also filed Complaints under the names Enrique Gabrielle Mendez, Enrique Mendez-Valenzuela, and Quennell Glover. Plaintiff is housed in a male facility, but identifies as female and refers to herself with feminine pronouns.

fair and impartial treatment or rulings by this judge."

Motions to disqualify or recuse a federal judge fall under two statutory provisions, 28 U.S.C. §§ 144 and 455. Section 144 provides for recusal where a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit must state the facts and reasons for the belief that the bias or prejudice exists. 28 U.S.C. § 144. If the judge finds the affidavit timely and legally sufficient, the judge must proceed no further and another judge must be assigned to hear the motion. *Id.*; *United States v. Sibla,* 624 F.2d 864, 867 (9th Cir. 1980). On the other hand, § 455 is self-enforcing on the judge and requires a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned," where he "has a personal bias or prejudice concerning a party," or when he is "a party to the proceeding." 28 U.S.C. § 455(a), (b)(1), and (b)(5)(i). *See also Sibla*, 624 F.2d at 867-68.

At the outset, the undersigned must determine whether Plaintiff has filed an affidavit that is legally sufficient. *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) ("the judge against whom an affidavit of bias is filed may pass on its legal sufficiency") (citing *Berger v. United States*, 255 U.S. 22 (1921)). "An affidavit filed pursuant to [28 U.S.C. § 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an *extrajudicial source.*" *Sibla*, 624 F.2d at 868 (emphasis added).

Plaintiff has not filed an affidavit and the allegations in her Motion do not stem from an extrajudicial source. Thus, the undersigned is not required to assign the recusal request to another judge. *See Azhocar*, 581 F.2d at 738 ("Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case.").

The substantive standard for recusal is the same under §§ 144 and 455. *Sibla*, 624 F.2d at 867. Specifically, under both statutes, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might

reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)), *abrogated on other grounds in Simmons v. Himmelreich*, ___ U.S. ___, 136 S. Ct. 1843 (2016).

In nearly all cases, the source of any alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540, 544-56 (1994). In *Liteky*, the Supreme Court stated:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree or favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

510 U.S. at 555 (internal citation omitted). *See also Pesnell*, 543 F.3d at 1044.

Plaintiff does not allege the undersigned has an extrajudicial bias against her. The undersigned cannot conclude that the grounds advanced by Plaintiff would cause a reasonable person with knowledge of all the relevant facts to question the impartiality of the undersigned judge. Accordingly, the Court, in its discretion, will deny Plaintiff's Motion for Change of Judge.

**II.   Vexatious Litigant Orders and Motion to File**

Plaintiff has filed more than 200 cases in this Court since 2002. In response, the Court has issued multiple vexatious litigant injunctions restricting Plaintiff's ability to file in this Court. In a November 27, 2017 Order in CV 16-00951-PHX-NVW (MHB), the Court amended the then-current vexatious litigant injunction and set additional pre-filing

requirements. Pursuant to the amended injunction entered against Plaintiff, before filing a complaint, Plaintiff must obtain leave of the Court. Specifically, Plaintiff must file a Motion for Leave to File that conforms to the following provisions:

    1. Plaintiff must file, with each new Complaint, documentation showing that Plaintiff has pursued available administrative remedies. The documentation must include copies of Plaintiff's grievances, responses to those grievances, and any appeals filed by Plaintiff as well as responses to those appeals.

    2. If Plaintiff's claims are based on allegations that she has a serious medical condition or has suffered serious physical injuries, **Plaintiff must file, with the Complaint, documentation of her medical condition(s) and/or injuries that goes beyond her own allegations in the complaint. This evidence may be in the form of medical records or sworn affidavits from medical professionals that document the conditions or injuries alleged in the complaint.**

    3. As stated in the 2004 Injunction, Plaintiff must also file a Motion for Leave to File which contains:

    (1) in the FIRST sentence, a request for leave to file;

    (2) in the SECOND sentence, a certification that the claims Plaintiff wishes to present are new claims never before raised and disposed of on the merits by any federal court.

    If any future Motion for Leave to File does not contain these two requirements, IN THE FIRST TWO SENTENCES, the Court will read no further, the Motion for Leave to File will be denied, and the case will be dismissed for failure to comply with this Order of this Court.

    (3) in the THIRD sentence, a short, plain statement of the harm Plaintiff has suffered and by whom such harm was inflicted. If the THIRD SENTENCE does not contain this requirement, and if the Court cannot determine what harm Plaintiff claims to have suffered and what Defendant allegedly committed the harm, the Court will read no further, the Motion for Leave to File will be denied, and the case will be dismissed for failure to comply with this Order of the Court.

    4. Because Plaintiff has "three strikes," any in forma pauperis lawsuit she files must clearly, coherently, and

| | credibly allege that Plaintiff is under imminent danger of serious physical injury. False allegations of imminent harm may subject Plaintiff to sanctions including further filing restrictions. |
|---|---|
| | 5. **If Plaintiff fails to comply with all the requirements of this Order in any filing, the Court will, without further notice, deny Plaintiff in forma pauperis status in that action and in all subsequent actions before this Court.** |

CV 16-00951-PHX-NVW (MHB) (Doc. 88 at 2-4 (emphasis in original)).

Plaintiff has filed a Motion for Leave to File and medical documentation reflecting her medical diagnoses. Plaintiff has also submitted a March 6, 2019 grievance regarding her "s/p tube not draining," and a March 22, 2019 response stating that the grievance was considered resolved when Plaintiff was sent to the hospital on March 7 and 9, 2019.

Plaintiff also states that this case is "new as to the defendants but has been previously filed in the court but they are current issues." Plaintiff has filed Complaints in *Valenzuela v. Thude*, CV 18-04076-PHX-DLR (MHB) and *Valenzuela v. Thude*, CV 19-5043-PHX-MTL (MHB) that are identical to the Complaint in this case. Plaintiff has simply scratched out the old the date on her signature and written "11/8/2019." Further, Plaintiff is no longer housed in the Lewis Complex and is no longer receiving treatment from the medical providers named in this case. She does not allege any new difficulties with her catheter or submit any documentation showing ongoing problems since being transferred to the Florence facility. Accordingly, while Plaintiff's allegations may have demonstrated that Plaintiff was in imminent danger of serious physical injury when she filed CV 18-04076, these allegations do not, when refiled more than a year later, show she was in imminent danger at the time she filed the Complaint in *this* case.

Accordingly, Plaintiff's Motion to File does not show that she is raising new claims or that she is under imminent danger of serious physical injury, as required by the vexatious litigant order. The Court will deny the Motion to File and dismiss this action.

. . . .

. . . .

**IT IS ORDERED:**

    (1)    Plaintiff's Motion for Leave to File (Doc. 1) is **denied**.

    (2)    Plaintiff's Application to Proceed In Forma Pauperis (Doc. 4) is **denied**.

    (3)    Plaintiff's December 13, 2019 Motion for Change of Judge (Doc. 7) is **denied**.

    (4)    The Clerk of Court must enter judgment accordingly and close this case.

Dated this 17th day of January, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge